13-153-cv
Small v. Rice et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of November, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             RICHARD C. WESLEY
                    *Circuit Judges*.

_____

NICHOLAS SMALL,

                    *Plaintiff-Appellant*,

             -v-                                         13-153-cv

KATHLEEN M. RICE, LAUREN J. KALAYDJIAN,[1]

                    *Defendants-Appellees*.

_____

Appearing for Appellant:     James Michael Maloney, Port Washington, N.Y.

Appearing for Appellee:     David A. Tauster, Deputy County Attorney of Nassau County
                            (John Ciampoli, County Attorney of Nassau County, *on the brief*),
                            Mineola, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*).

_____

[1] The Clerk of the Court is respectfully directed to amend the official caption to conform with the caption above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Nicholas Small filed suit in the Eastern District of New York seeking a declaratory judgment that New York Penal Law § 265.01(1) is void for vagueness as applied to his possession of a self-defense tool called the "black cat keychain."[2]  Small now appeals from a September 28, 2012 memorandum and order of the United States District Court for the Eastern District of New York (Bianco, *J.*), which (1) granted summary judgment in Defendant-Appellees' favor on Small's void for vagueness claim; (2) denied Small's cross-motion for summary judgment; and (3) dismissed count one of Small's Amended Complaint, his sole claim against Defendant-Appellees Kathleen M. Rice and Lauren J. Kalaydjian.  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

There are two different ways that a litigant may establish that a statute's language is so vague as to deny him or her due process of law.  First, a "law violates due process 'if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits.'"  *Thibodeau v. Portuondo*, 486 F.3d 61, 65 (2d Cir. 2007) (quoting *Hill v. Colorado*, 530 U.S. 703, 732 (2000)).  "Second, a law is unconstitutionally vague 'if it authorizes or even

---

[2] This is what Small's black cat keychain looks like:



encourages arbitrary and discriminatory enforcement.'" *Thibodeau*, 486 F.3d at 65-66 (quoting *Hill*, 530 U.S. at 732). Small provided no evidence in the summary judgment record below as to "arbitrary and discriminatory enforcement," and he did not raise the argument in his brief. As such, we consider only whether New York Penal Law § 265.01(1) provides "people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits." *Thibodeau*, 486 F.3d at 65, 67.

"[O]ne whose conduct is clearly proscribed by the statute cannot successfully challenge it for vagueness." *United States v. Nadi*, 996 F.2d 548, 550 (2d Cir. 1993). "In reviewing a statute's language for vagueness, 'we are relegated . . . to the words of the ordinance itself, to the interpretations the court below has given to analogous statutes, and perhaps to some degree, to the interpretation of the statute given by those charged with enforcing it.'" *VIP of Berlin, LLC v. Town of Berlin*, 593 F.3d 179, 186 (2d Cir. 2010) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 110 (1972)).

The statute at issue here explicitly proscribes the possession of "*any* firearm, . . . plastic knuckles, metal knuckles, . . ." N.Y Penal Law § 265.01(1) (emphasis added). The use of the word "any" before the list of prohibited items highlights the fact that there may be more than one type of "metal knuckles" covered by the statute and that possession of "any" of them would be unlawful.

Further, a New York state court has already considered whether a cat keychain identical to the black cat keychain at issue here constituted "metal knuckles" under Section 265.01(1). Though decided after Small's arrest, in *People v. Laurore*, 926 N.Y.S. 2d 346, 2011 WL 903184 (N.Y. Sup. Ct. Feb. 15, 2011) (table), the Supreme Court of Rockland County persuasively concluded that the cat keychain was a set of "metal knuckles" and was proscribed by the statute:

> The object has two holes for the fingers and two pointed metal spikes which when worn protrude from the back of the hand and which are obviously designed to enable one to inflict a blow from a fist enclosed by metal spikes for the purpose of enhancing the injury to be inflicted on contact.

*Laurore*, 2011 WL 903184, at *3.

In a vagueness challenge, the relevant inquiry is "whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *VIP of Berlin*, 593 F.3d at 187 (internal citation omitted). Here, Small has not raised a genuine dispute as to why the statutory language prohibiting the possession of "any . . . metal knuckles" would not convey sufficiently definite warning that the black cat keychain—a metal tool advertised as a "weapon" with finger holes that "packs a mighty punch!"—fits within the conduct proscribed by New York Penal Law § 265.01(1).

Thus, for the reasons set forth by the court in *Laurore* and based on the plain language of Section 265.01(1), the black cat keychain fits within the statutory definition of "metal knuckles," and Small's possession of the black cat keychain was clearly proscribed under Section 265.01(1). As such, the statutory term is not unconstitutionally vague as applied to Small, and we affirm the district court's grant of summary judgment on this basis.

Accordingly, the judgment or order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4